**Karen KALANGES, a.k.a. Karen Brinigton, Appellant,**

v.

**Leroy BRINIGTON, Respondent.**

**No. C7–83–1449.**

Court of Appeals of Minnesota.

Jan. 4, 1984.

Robert A. Johnson, Minneapolis, for appellant.

Laura S. Underkuffler, Minneapolis, for respondent.

Considered and decided by POPOVICH, C.J., and SEDGWICK and FOLEY, JJ.

### MEMORANDUM OPINION AND ORDER

POPOVICH, Chief Judge:

#### Facts

On November 30, 1983 respondent moved to dismiss this appeal pursuant to Minn.R. Civ.App.P. 142.02. Appellant's brief was due October 27, 1983. On December 8th, only after receiving respondent's moving papers did appellant move for an extension of time and file a memorandum in opposition to respondent's dismissal motion. Respondent also claims no copy of the cost bond was received. This appeal is dismissed.

#### ANALYSIS

1. Appellant contends the Court of Appeals was not operative until November 1, 1983; that extensions were granted to re-

spondent during district court proceedings; that appellant's attorney had a crowded schedule during the fall of 1983 as a result of several cases scheduled for trial in Hennepin County, and had a long planned vacation. No details were supplied other than these general allegations.

2. Respondent denies appellant's contentions and contends no transcript was required; the case was disposed of by the district court on defendant's motion for summary judgment; no communication had been received from appellant since the notice of appeal was filed on September 27, 1983, and no cause for failure to comply with the rules has been shown.

3. Minnesota Rules of Civil Appellate Procedure 142.02 provides:

The respondent may serve and file a motion for judgment of affirmance or dismissal if the appellant fails or neglects to serve and file his brief and appendix as required by these rules. If the appellant is in default for 30 days and the respondent has not made a motion under this rule, the appellate court shall order the appeal dismissed without notice, subject to a motion to reinstate the appeal. In support of the motion, the appellant must show good cause for failure to comply with the rules governing the service and filing of briefs, that the appeal is meritorious, and that reinstatement would not substantially prejudice the respondent's rights.

4. The rules were effective August 1, 1983 and motions and other relief until the activation of the Court of Appeals on November 1, were heard and decided by the Chief Justice of the Supreme Court. Appellant is in error in claiming that the rule requiring filing of briefs, service of briefs and applications for extension of time were not effective until November 1, 1983. (See Order of Supreme Court dated June 17, 1983.) Even after November 1, appellant did not request an extension of time, until the motion was made to dismiss. Neither did appellant file a brief simultaneously with appellant's responsive motion.

5. Even more troublesome was appellant's failure in the responsive memorandum to cite any details substantiating the general allegations of a crowded fall schedule. The rule requires that good cause be shown, that the appeal is meritorious, and respondent's rights would not be substantially prejudiced. Appellant has failed to carry the burden required.

6. Additionally, the cost bond must be served on the adverse party under Rule 108.05, which was not done here.

## DECISION

Under the circumstances in this case, failure to file an appellant's brief in timely fashion and serve a cost bond is grounds for dismissal. The appeal is dismissed.